UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CINDI MELVIN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSHUA MELVIN, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION H-08-2707 |
| RIMKUS CONSULTING GROUP, INC., | § § § | |
| *Defendant*. | § | |

**ORDER**

Pending before the court is plaintiff Cindi Melvin's motion to remand. Dkt. 4. Upon consideration of the motion, the response, and the applicable law, the motion is GRANTED.

Defendant Rimkus Consulting Group, Inc. removed this case predicated on diversity jurisdiction under 28 U.S.C. § 1332. Melvin timely moves for remand under 28 U.S.C. § 1447(c),[1] claiming that removal is defective because Rimkus is a citizen of Texas contrary to 28 U.S.C. § 1441(b). Section 1441(b) governing removal procedure dictates that actions predicated on diversity "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Rimkus does not dispute that it is a local defendant or that Melvin has moved to remand within 30 days of removal. Its argument focuses on Melvin's motion for costs.

---

[1] Section 1447(c) provides that a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." And, "the presence of an in-state defendant is a procedural defect that is waived unless raised within thirty days of removal." *Denman v. Snapper Div.*, 131 F.3d 546, 548 (5th Cir. 1998).

Melvin moves the court to award $2,100.00 in attorney's fees to cover her costs of defending against removal. Dkt. 4, Ex. 1. The "mere determination that removal is improper" does not trigger an "automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). The inquiry for the court is "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id.* at 293. In making this inquiry, the court should consider the objective legal and factual issues of the particular case, not the motives of the removing party. *Id.*

Rimkus first argues that attorney's fees are not proper here, because its belief that removal was proper was objectively reasonable. It states that because the procedural defect in removal was waivable, it was reasonable to believe that Melvin might waive her ability to remand by failing to move within the requisite 30 day period. In other words, removal was reasonable based on the gamble that the removal might be proper after 30 days had elapsed. However, reasonableness is measured at the time of removal, not on the 31st day after removal. *Valdes*, 199 F.3d at 292. And, on the day of removal defendant was expressly barrred from removing the case under 28 U.S.C. § 1441(b) based on diversity because it was a citizen of Texas. Therefore, removal was not objectively reasonable, factually or legally.

Rimkus next argues that even if attorney's fees are appropriate, not all of the fees claimed by Melvin are devoted strictly to the motion to remand. Specifically, in his affidavit attached to the motion to remand, Melvin's attorney references time spent on a motion for an extension of time to respond to Rimkus's motion to dismiss. The Fifth Circuit has held that attorney's fees must be confined to "fees and costs incurred in federal court that would not have been incurred had the case remained in state court." *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997). Rimkus argues that because Melvin would have had to defend against a motion to dismiss in state court, any costs

2

associated with the federal court motion to dismiss are improper. The motion in question is less than two pages in length and simply requests an extension of time to respond to the motion to dismiss so that the court may consider the motion to remand before the motion to dismiss—as is appropriate. Dkt. 6. If the case had remained in state court, Melvin would likely need to defend against a motion to dismiss. But, it is impossible that she would need to file a request for an extension to respond so a state court could consider a motion to remand. Therefore, the court finds that the request for extension is directly related to defending against removal.

Rimkus also urges the court to consider that Melvin's counsel failed to confer with opposing counsel as required by this court's procedures prior to filing the motion to remand and failed to attach a certificate of conference as required by the local rules. Additionally, Rimkus stresses its belief that Melvin's complaint is without merit. Neither of these arguments go to the objective reasonableness of the removal. Therefore, the court will not address them. Last, Rimkus argues that federal question jurisdiction will be implicated in this case eventually. The court declines to theorize on the prospect of future jurisdiction, because it does not impact the present lack of jurisdiction.

Accordingly, the motion to remand is GRANTED. Under 28 U.S.C. § 1447(d), this case is REMANDED to the 333rd District Court of Harris County, Texas. Additionally, it is ORDERED that Rimkus pay Melvin's attorney's fees in the amount of $2,100.00.

Signed at Houston, Texas on October 7, 2008.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY